**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com

Attorneys for Plaintiff

| | |
|---|---|
| Walter Lopez,<br><br>    Plaintiff,<br><br>        - vs. -<br><br>Little Vincent's Pizza Inc.<br>d/b/a Little Vincent's Pizza,<br>and Vincent G. Monaco,<br><br>    Defendants. | DOCKET NO. _____<br><br>**COMPLAINT** |

Plaintiff Walter Lopez, by and through his undersigned attorneys, files this complaint against defendants Little Vincent's Pizza Inc. and Vincent G. Monaco, alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff Walter Lopez, former employee of defendants Little Vincent's Pizza Inc. and Vincent G. Monaco, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), alleges that he is entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii)

unpaid wages for overtime work for which he did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the defendants' violations lacked a good faith basis.

2. Plaintiff further complains that he is entitled to (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which the Defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) unpaid "spread-of-hours" compensation for each shift worked which exceeded ten hours in length; (iv) liquidated damages pursuant to New York Labor Law for these violations; and (v) statutory damages for the defendant's violation of the Wage Theft Prevention Act.

### THE PARTIES

3. Plaintiff Walter Lopez is an adult individual residing in Huntington Station, New York.

4. Mr. Lopez consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

5. Defendant Little Vincent's Pizza Inc., has a registered principal place of business at 145 Old Nichols Road, Nesconset, New York, 11767.

6. Defendant Little Vincent's Pizza Inc. (hereinafter "LV Pizza") owns and operates a pizza restaurant named Little Vincent's Pizza located at 329 New York Ave, Huntington Village, NY 11743.

7. Defendant Vincent G. Monaco is an adult individual residing in Nesconset, New York.

8. At all relevant times, defendant LV Pizza was an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9. At all relevant times, defendant LV Pizza has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

10. Upon information and belief, at all relevant times, defendant LV Pizza has had gross revenues in excess of $500,000.00.

11. Upon information and belief, at all relevant times herein, defendant LV Pizza has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

12. At all relevant times, Defendant Vincent G. Monaco has been the owner, or part owner and principal of LV Pizza

3

and was involved in the day-to-day operations of the LV Pizza restaurant and played an active role in managing the business.

13. At all relevant times, Defendant Vincent G. Monaco had the power to hire and fire employees, set wages and schedules, and maintain their records.

14. Defendants each constituted an "employer" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the defendant's business is located in this district.

## FACTS

17. At all relevant times herein, the Defendants owned and operated Little Vincent's Pizza, a pizzeria located in Huntingdon Village, New York.

18. Plaintiff Walter Lopez was employed at Little Vincent's Pizza from approximately April 2021 until April 2022.

19. Mr. Lopez was employed by Defendants to prepare food in the pizzeria.

20. Mr. Lopez's work was performed in the normal course of defendant's business, was integrated into the business of the defendant, and did not involve executive or administrative responsibilities.

21. At all relevant times herein, Mr. Lopez was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

22. During his employment by Defendants, from April 2021 through August 2021, Mr. Lopez worked a regular schedule of six days per week with Tuesdays off. His regular hours were from 12 p.m. to 8 p.m. on Mondays, Wednesdays, Thursdays, and Sundays and from 2:00 pm through 12:30 a.m. on Fridays and Saturdays for a total of 53 hours per week.

23. From September 2021 to April 2022, Mr. Lopez worked Sunday, Monday, and Thursday from 12:00 p.m. to 8:00 p.m. and Friday and Saturday from 2:00 p.m. to 12:30 a.m. for a total of 45 hours per week.

5

24. Mr. Lopez was paid fifteen dollars per hour, until December 2021.

25. Beginning in December 2021 Mr. Lopez was paid seventeen dollars per hour.

26. All payments received by Mr. Lopez from Defendants were made by check.

27. Plaintiff received the hourly amounts described herein above for all hours worked each week regardless of the amount of overtime he worked.

28. As a result, Plaintiff's effective rate of pay was below the statutory New York minimum wage in effect at relevant times.

29. Defendant's failure to pay Plaintiff an amount at least equal to the New York minimum wage in effect during relevant time periods was willful and lacked a good faith basis.

30. In addition, the defendant failed to pay Plaintiff any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

31. Defendant's failure to pay Plaintiff the overtime bonus for overtime hours he worked was willful and lacked a good faith basis.

32. Defendants failed to pay Plaintiff an additional hour's pay, at minimum wage, for each shift that he worked in excess of ten hours in length from start to finish.

33. Defendants' failure to pay Plaintiff any "spread-of-hours" premium was willful and lacked a good faith basis.

34. Defendant failed to provide Plaintiff with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, the defendant's contact information, the regular and overtime rates, and intended allowances claimed – and failed to obtain each plaintiff's signature acknowledging the same, upon each plaintiff's hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

35. Defendant failed to provide Plaintiff with weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act.

36. Throughout the periods of Plaintiff's employment, the defendants employed Plaintiff in positions that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

37. Throughout Mr. Lopez's employment by Defendants, Defendants applied these employment policies, practices, and procedures to Plaintiff, including policies, practices, and

7

procedures with respect to the payment of minimum wages and overtime.

38. Defendants have failed to pay the plaintiff at a rate at least equal to the minimum wage, failed to pay any overtime premium for hours worked in excess of forty per week, and failed to pay any spread-of-hours compensation, each such failure in violation of the FLSA and the New York Labor Law.

39. While the defendants employed the plaintiff, the defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (New York Labor Law – Minimum Wage)

40. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

41. At all relevant times, Plaintiff was employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

42. Defendants willfully violated Plaintiff's rights by failing to pay him compensation at least equal to the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

43. Defendants' failure to pay compensation at least equal to statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

44. Due to the defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendant his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT II

### (Fair Labor Standards Act - Overtime)

45. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

46. At all relevant times, the defendants employed Plaintiff within the meaning of the FLSA.

47. At all relevant times, the defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

48. As a result of defendants' willful failure to compensate Plaintiff, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of

9

forty hours per workweek, the Defendants have violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

49. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

50. Due to the defendants' FLSA violations, Plaintiff is entitled to recover from the Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT III

### (New York Labor Law - Overtime)

51. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

52. At all relevant times, Plaintiff was employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

53. Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of

the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

54. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

55. Due to the defendants' New York Labor Law violations, Plaintiff is entitled to recover from the defendant his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV

### (NEW YORK LABOR LAW – SPREAD OF HOURS)

56. Plaintiff repeats, realleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.

57. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

58. Defendants willfully violated Plaintiff's rights by failing to pay him an additional hour's pay at the minimum wage for each day he worked a shift lasting in excess of ten hours from start to finish, in violation of the New York Labor

Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 142-2.4.

59. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 163 and supporting regulations.

60. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V

### (New York Labor Law – Wage Theft Prevention Act)

61. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

62. At all relevant times, Plaintiff was employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

63. Defendants willfully violated Plaintiff's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

64. Defendants willfully violated Plaintiff's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

65. Due to the defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiff is entitled to recover from the defendants statutory damages of $250 per day, for each day he was employed by the defendants, up to the maximum statutory damages.

66. Due to the defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff is entitled to recover from the defendants statutory damages of $50 per day for each day of his employment by the Defendants, up to the maximum statutory damages.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against the defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

d. Compensatory damages for failure to pay the minimum wage pursuant to New York Labor Law;

e. Compensatory damages for failure to pay the spread-of-hours compensation pursuant to New York Labor Law;

f. An award of liquidated damages as a result of defendant's willful failure to pay the statutory minimum wage, and overtime compensation pursuant to 29 U.S.C. § 216;

g. Liquidated damages for the defendants' New York Labor Law violations;

h. Statutory damages for the defendant's violation of the New York Wage Theft Prevention Act;

    i. Back pay;

    j. Punitive damages;

    k. An award of prejudgment and post judgment interest;

    l. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    m. Such other, further, and different relief as this Court deems just and proper.

Dated:

June 20, 2022

                        <u>/s/ Michael Samuel</u>
                        Michael Samuel (MS 7997)
                        THE SAMUEL LAW FIRM
                        1441 Broadway
                        Suite 6085
                        New York, New York 10018
                        (212) 563-9884
                        *Attorneys for Plaintiff*